UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEMEL R. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10 CV 0148 ) |
| MIKE BOOKS, Sheriff, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Jemel Jackson, a prisoner confined at the Elkhart County Jail, filed a *pro se* complaint (DE # 1) pursuant to 42 U.S.C. § 1983, alleging that Elkhart County Sheriff Mike Books violated his federally protected rights by not transferring him to the custody of the Indiana Department of Correction after his conviction. He then filed an amended complaint (DE # 8), which superceded the original complaint. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under Section 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his amended complaint, the plaintiff alleges that he has been convicted and sentenced, which means that he is eligible to be transferred from the jail to the Indiana Department of Correction ("IDOC"), but that he has not been sent to the IDOC. (DE # 8 at 3; DE # 1 at 1.) He further alleges that Elkhart County Sheriff Mike Books has not been affording him the same programs, such as vocational courses, substance abuse programs, contact visitation, state pay, and law library access, that he would have available to him if he were in a facility operated by the IDOC. (DE # 8 at 3-4.) Jackson asks this court to order Sheriff Books to "transfer 'plaintiff' to the (Indiana Department of Corrections (sic)) for 'safe keepping (sic).'" (*Id.* at 2.)

There is, however, no Constitutional mandate that a state have a statewide prison system or that if a state has established a prison system that a convicted prisoner must serve his time in a state-operated prison rather than in a county jail.

2

> Appellants had no federal right to be housed in any particular state facility, or in a state corrections facility as opposed to a local jail compensated by the state for the cost of incarcerating state inmates pending their transfer to an available and appropriate space within a state facility.

*Khaliq v. Angelone*, 72 Fed. Appx. 895, 900 (4th Cir. 2003). Moreover, prisoners who remain at a county jail after being convicted are not entitled to all of the perks they might receive if they were at a state-operated prison. *Id*. 901-902 (for purposes of an Equal Protection analysis, there is a rational basis for the disparate treatment between state prisoners housed in state facilities and those housed in a local facility, in regards to the programs and opportunities available to them).

For the foregoing reasons, the court **DISMISSES** the amended complaint (DE # 8) pursuant to 28 U.S.C. § 1915A(b), and **DENIES** the plaintiff's motion to transfer him to the Indiana Department of Correction (DE # 9) as moot..

**SO ORDERED.**

Date: June 14, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT